SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| RAYMOND FORREST, Plaintiff, - against - REV GUM, LLC, Defendant. | Index No. 536074/2025 **Summons** Date Index No. Purchased: 10/16/2025 |

To the above-named Defendant(s)

Rev Gum, LLC
c/o Blake Settle
3825 Westlake Drive
Austin, TX 78746

You are hereby summoned to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of venue is Plaintiff's Address, which is 67 Hanson Place, Apt. 12D, Brooklyn, NY 11207.

Dated: October 16, 2025

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By:*/s/Dan Shaked*__________
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
Email: ShakedLawGroup@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------X

RAYMOND FORREST,

Plaintiff,

- against -

REV GUM, LLC,

Defendant.

----------------------------------------------------------X

Index No.:

**COMPLAINT**

PLAINTIFF DEMANDS A TRIAL BY JURY

## INTRODUCTION

1. Plaintiff, Raymond Forrest ("Plaintiff" or "Forrest"), brings this action on behalf of himself against Rev Gum, LLC (hereinafter "Rev Gum" or "Defendant"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York.

4. Plaintiff brings this civil rights action against Rev Gum, LLC for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Defendant is denying blind and visually-impaired persons throughout the United States with equal access to the goods and services

Rev Gum provides to their non-disabled customers through www.ChewRevGum.com (hereinafter "ChewRevGum.com" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the following: the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; the New York State Civil Rights Law, § 40 *et seq.* ("NYSCRL") and § 40-c *et seq.*; and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

5. ChewRevGum.com provides to the public a wide array of the goods, services, price specials, employment opportunities and other programs. Yet, ChewRevGum.com contains thousands of access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Rev Gum excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6. The blind have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with Defendant's website and from purchasing goods or services from Defendant's website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms,

descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on ChewRevGum.com.

8. By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and city law. New York state law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

9. Plaintiff browsed and intended to make an online purchase of the Frost Berry Electrolyte Gum and the Spearmint Performance Energy Gum on ChewRevGum.com. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff will continue to be unable to independently navigate, browse, use, and complete a transaction on ChewRevGum.com.

10. Because Defendant's website, ChewRevGum.com, is not equally accessible to blind and visually-impaired consumers, it violates the NYSHRL, NYSCRL, and NYCHRL. Plaintiff seeks a permanent injunction to cause a change in Rev Gum's policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This complaint also seeks compensatory damages to compensate Plaintiff for having been subjected to unlawful discrimination.

## ADMINISTRATIVE PROCEDURES

11. Prior to or concurrently with the initiation of this suit, Plaintiff served a notice of this action upon the attorney general, thereby satisfying the notice requirements of the New York Civil Rights Law.

12. Any and all other prerequisites to the filing of this suit have been met.

**JURISDICTION AND VENUE**

13. Jurisdiction in this action is based on N.Y. C.P.L.R. § 302, as Defendant transacts business within the state, or contracts anywhere to supply goods or services in the state. Defendant's "contacts with New York were so 'continuous and systematic'…as to render it 'essentially at home' in New York." *Fanelli v. Latman*, 202 A.D.3d 758, 759 (2d Dept. 2022), quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); N.Y. C.P.L.R. § 301.

14. Venue for this action is proper in the County of Kings pursuant to N.Y. C.P.L.R. § 503(a), based on the residence of Plaintiff.

15. This is an action for declaratory and injunctive relief brought pursuant to the NYSHRL, Exec. Law § 290 *et seq.*, and the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.* This Court has power to issue such relief pursuant to N.Y. C.P.L.R. § 6301.

**PARTIES**

16. Plaintiff, is and has been at all relevant times a resident of Kings County, State of New York.

17. Plaintiff is legally blind. Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods and services of ChewRevGum.com, as a result of accessibility barriers on ChewRevGum.com.

18. Defendant, Rev Gum, LLC, is a Texas foreign limited liability company doing business in New York State with a principal place of business located at 1801 N. Lamar Blvd., Austin, TX 78701.

19. Rev Gum, LLC provides to the public a website known as ChewRevGum.com which provides consumers with access to an array of goods and services, including, the ability to

view the wide range of performance-enhancing chewing gum and related products designed to boost energy, hydration, and recovery, which can be purchased with the click of a mouse, and learn about promotions, among other features. Consumers across the United States use Defendant's website to find and purchase Defendant's products. Defendant's products are sold at many retailers throughout the country including retailers in this district. Defendant maintains dominion and control over how its products are sold at its partner retailers. Defendant's website is a place of public accommodation within the definition of the NYSHRL and NYCHRL.

## NATURE OF THE CASE

20. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

21. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

22. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

23. Blind users of Windows operating system-enabled computers and devises have several screen-reading software programs available to them. Job Access With Speech, otherwise

known as "JAWS" is currently the most popular, separately purchase and downloaded screen-reading software program available for blind computer users.

24. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.1 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader. Websites need to be accessible to the "least sophisticated" user of screen-reading software and need to be able to work with all browsers.

## FACTUAL ALLEGATIONS

25. Defendant controls and operates ChewRevGum.com in New York State and throughout the United States.

26. ChewRevGum.com is a commercial website that offers products and services for online sale. The online store allows the user to view the wide range of performance-enhancing

chewing gum and related products designed to boost energy, hydration, and recovery offered for sale, make purchases, and perform a variety of other functions.

27. Among the features offered by ChewRevGum.com are the following:

(a) Consumers may use the website to connect with Rev Gum on social media, using such sites as Facebook, Instagram, and Pinterest;

(b) an online store, allowing customers to purchase wide range of performance-enhancing chewing gum and related products designed to boost energy, hydration, and recovery for delivery to their doorstep; and

(c) learning about the products and the company, reading reviews, learning about shipping and return policies, learning about the ingredients, and learning about promotions.

28. This case arises out of Rev Gum's policy and practice of denying the blind access to the goods and services offered by ChewRevGum.com. Due to Rev Gum's failure and refusal to remove access barriers to ChewRevGum.com, blind individuals have been and are being denied equal access to Rev Gum, as well as to the numerous goods, services and benefits offered to the public through ChewRevGum.com.

29. Rev Gum denies the blind access to goods, services and information made available through ChewRevGum.com by preventing them from freely navigating ChewRevGum.com.

30. ChewRevGum.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of

keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

31. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on ChewRevGum.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user). As a result, Plaintiff and blind ChewRevGum.com customers are unable to determine what is on the website, browse the website or investigate and/or make purchases.

32. ChewRevGum.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms. On a shopping site such as ChewRevGum.com, these forms include search fields to locate products, fields to select flavor, quantity, fields to select frequency of delivery, and fields used to fill-out personal information, including address and credit card information. Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to Defendant's merchandise, nor can they enter their personal identification and financial information with confidence and security.

33. Specifically, when Plaintiff attempted to make a purchase using JAWS, he encountered the following problems:

- Plaintiff was unable to access the "Unlock Your Mystery Offer" promotion. When first visiting the website, sighted visitors are greeted with a pop-up window which offers

them a promotional discount if they sign up by entering their email into text boxes. However, for Plaintiff and other blind screen reader users, focus does not move into the promotional pop-up window and they do not know it even exists. Consequently, Plaintiff and other blind visitors to the website cannot take advantage of "sighted only" promotions.

- Plaintiff was unable to access the 'RevGum' link which refreshes the page and takes the user back to the homepage. This link is announced as "RevGum file slash Rev underline Gum underline logo underline 1 underline 1 underline 1 underline 1 heading level 1 link visited," so Plaintiff did NOT know its purpose.
- Plaintiff was able to open a submenu for the collapsed navigation links. The enter key must be pressed two consecutive times to open a submenu for a collapsed navigation link, which is NOT the expected behavior.
- Plaintiff was unable to access the graphic links in the expanded submenus. Plaintiff initially heard "file slash 1 underline [long sting of alphanumeric characters] link graphic" before hearing the correct name upon a second key press.
- Plaintiff was unable to access the main navigation region of the website. After the last visible navigation link is announced, Plaintiff's screen reader announced eight HIDDEN elements before moving to the main content region.
- Plaintiff was unable to access the 'Welcome Offer' in-page link in the banner on the homepage.
- Plaintiff was unable to access the content on the images in the homepage carousel. For example, the '10% off your first order' text visible in the 'Welcome to the Gum Gang' image is NOT announced. Only sighted visitors can take advantage of this offer.
- Plaintiff was unable to access the '3X Faster Performance Than Our Competitors' chart. When navigating, focus moves ONLY to the '[#] Minutes Absorption' text, but NONE of the company logos are announced. As a result, Plaintiff and other blind screen reader users would NOT know which company is associated with which absorption time, making this chart useless.
- Plaintiff was unable to access the videos in the 'Real People, Real Results' section. NEITHER the clickable 'unmute' buttons NOR the videos themselves receive focus, so Plaintiff did NOT even know that videos were present. Additionally, there is NO description provided of what is being shown on-screen as the videos automatically play.
- Plaintiff was unable to access the 'FAQs.' The entire 'Frequently Asked, All Answered' section is SKIPPED OVER when navigating, so NONE of the clickable category buttons or collapsed question buttons receive focus. This is a critical error.
- Plaintiff was unable to access the image galleries on product pages. When navigating, focus moves ONLY to the 'previous' and 'next' buttons for the gallery, but NONE of the clickable thumbnails receive focus. Additionally, images of text in the gallery, including 'Nutrition Facts' images CANNOT be read.

- Plaintiff was unable to access the 'Nutrition Facts' image in the expanded 'Nutritionals & Ingredients' section of a product page, so its content CANNOT be read.
- Plaintiff was unable to change the quantity of any product. While the Plus (+) and Minus (-) buttons are properly announced, there was not verbal notification given when attempting to change the quantity of any product. Therefore, Plaintiff had no idea if the quantity was changed.
- Plaintiff experienced numerous accessibility issues with specific products.
- Plaintiff was unable to access the discount code/gift card input field during the checkout process. This input field is NOT given focus until after the Pay Now button and additional links (Terms of Service, Privacy Policy, etc.) are announced. As these links normally indicate the end of a page, Plaintiff and other blind screen reader users will NOT know that this link exists and will NOT be able to take advantage of "sighted only" discounts.

Consequently, Plaintiff and blind visitors to the website are unable to complete a transaction.

34. Furthermore, ChewRevGum.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots" which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on ChewRevGum.com's menu pages do not contain adequate alt-text and are therefore inaccessible to Plaintiff and the other blind individuals attempting to make a purchase.

35. ChewRevGum.com also lacks accessible forms. Plaintiff is unable to locate the shopping cart because the shopping cart form does not specify the purpose of the shopping cart. As a result, blind customers are denied access to the shopping cart and to the ability to check out. Consequently, blind customers are unsuccessful in adding products into their shopping carts and are essentially prevented from purchasing items on ChewRevGum.com.

36. Moreover, the lack of navigation links on Defendant's website makes attempting to navigate through ChewRevGum.com even more time consuming and confusing for Plaintiff and blind consumers.

37. ChewRevGum.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, ChewRevGum.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make purchases on ChewRevGum.com.

38. Due to ChewRevGum.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at traditional brick-and-mortar retailers. Some blind customers may require a driver to get to the stores or require assistance in navigating the stores. By contrast, if ChewRevGum.com was accessible, a blind person could independently investigate products and make purchases via the Internet as sighted individuals can and do. According to WCAG 2.1 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's website in an attempt to reach the desired service. Thus, ChewRevGum.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases on ChewRevGum.com.

39. ChewRevGum.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use ChewRevGum.com and who would otherwise

be able to fully and equally enjoy the benefits and services of ChewRevGum.com in New York State and throughout the United States.

40. Plaintiff, Raymond Forrest, has made numerous attempts to complete a purchase on ChewRevGum.com, most recently on September 27, 2025; September 29, 2025; and October 3, 2025, but was unable to do so independently because of the many access barriers on Defendant's website. These access barriers have caused ChewRevGum.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons. Amongst other access barriers experienced, Plaintiff was unable to make an online purchase of the Frost Berry Electrolyte Gum and the Spearmint Performance Energy Gum. Moreover, if Defendant removes the access barriers that currently exist on the Website, Plaintiff will definitely visit the Website in the future to inquire about and purchase additional performance-enhancing chewing gum and related products designed for delivery to his doorstep. Plaintiff has always enjoyed chewing gum and also enjoyed consuming energy drinks, especially after working out. Like most blind people, Plaintiff relies on social media and online searches to get recommendations for products. Plaintiff has been searching for new gum to chew and to try new energy drinks. While browsing on social media, Plaintiff came across Defendant's brand and thought it was perfect, as it combines his love for energy drinks and his chewing gum habit. Defendant sells an extensive collection of performance chewing gum and related products known for their unique flavors, high-quality ingredients, and innovative formulations that include caffeine and electrolytes. Plaintiff values that Defendant provides a curated, reliable selection that he can buy to enhance his day-to-day life and improve his performance. As such, Plaintiff was eager to make a purchase on Defendant's website. Unfortunately, Defendant's website was not accessible and continues to be inaccessible, thereby deterring Plaintiff from completing his purchase independently. If the website were accessible to

the blind and Plaintiff were not deterred from returning, he would be able to visit the website and buy the items he originally intended to purchase, as well as other items offered on the Defendant's website. Plaintiff was especially interested in buying the Watermelon Lime Electrolyte Gum in the future. Furthermore, Plaintiff would need to return to the website in the future to replenish his supply of gums and related products as he consumes them and in order to have a supply for after-workouts. Plaintiff also wishes to explore the website in the future because Chew Rev Gum frequently updates its inventory with new flavors, limited editions, and specialty items. Having an accessible website would allow Plaintiff to explore these offerings, purchase items that match his preferences, restock favorites, and try new products over time. Plaintiff has purchased specialty gums and related products from other (accessible) online vendors in the past, but Chew Rev Gum's unique flavors, quality, variety, and special formulas for hydration and performance stand out. If the website becomes accessible, Plaintiff could enjoy Rev Gum's offerings without the current barriers he faces as a blind person. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortar locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc*., 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc*., 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)). Determining whether a website accessibility complaint properly allege whether plaintiff lives in "close proximity" to a specific location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise, factual considerations of an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at *10

(S.D.N.Y. March 8, 2021). Plaintiff made numerous attempts to make purchases on the website during September and October, 2025 without success and will definitely make purchases of additional products, including the new products that are regularly added to the website, amongst many other products which are sold on the website and which currently cannot be purchased by blind persons.

41. As described above, Plaintiff has actual knowledge of the fact that Defendant's website, ChewRevGum.com, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

42. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of ChewRevGum.com.

43. Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructed and maintained a website that is inaccessible to Plaintiff with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is not sufficiently intuitive and/or obvious that is inaccessible to Plaintiff; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to Plaintiff.

44. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

45. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of ChewRevGum.com, Plaintiff has suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of Defendant's conduct.

**<u>FIRST CAUSE OF ACTION</u>**

(Violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 *et seq*.))

46. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as though set forth at length herein.

47. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.".

48. ChewRevGum.com is a sales establishment and public accommodation within the definition of N.Y. Exec. Law § 292(9).

49. Defendant is subject to the New York Human Rights Law because it owns and operates ChewRevGum.com. Defendant is a person within the meaning of N.Y. Exec. Law. § 292(1).

50. Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to ChewRevGum.com, causing ChewRevGum.com to be completely inaccessible to the blind. This inaccessibility denies blind patrons the full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

51. Specifically, under N.Y. Exec. Law §296(2)(c)(i) unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can

demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

52. In addition, under N.Y. Exec. Law § 296(2)(c)(ii), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

53. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed by using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

54. Defendant's actions constitute willful intentional discrimination against the Plaintiff on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(2) in that Defendant has:

(a) constructed and maintained a website that is inaccessible to Plaintiff with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to Plaintiff; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to Plaintiff.

55. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

56. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of ChewRevGum.com under N.Y. Exec. Law § 296(2) *et seq*. and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

57. The actions of Defendant were and are in violation of the New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

58. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law § 297(4)(c) *et seq*. for each and every offense.

59. Plaintiff is also entitled to reasonable attorneys' fees and costs.

60. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R § 40 *et seq*.))

61. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 of this Complaint as though set forth at length herein.

62. Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

63. N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities, and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . ."

64. N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

65. ChewRevGum.com is a sales establishment and public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).

66. Defendant is subject to New York Civil Rights Law because it owns and operates ChewRevGum.com. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

67. Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to ChewRevGum.com, causing ChewRevGum.com to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

68. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed by using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

69. In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . ."

70. Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the Defendant shall reside . . ."

71. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

72. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability are being directly indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq*. and/or its implementing regulations.

73. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Rights Law § 40 *et seq*. for each and every offense.

**THIRD CAUSE OF ACTION**
(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq*.)

74. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 73 of this Complaint as though set forth at length herein.

75. N.Y.C. Administrative Code § 8-107(4)(a) provides that "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

76. ChewRevGum.com is a sales establishment and public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).

77. Defendant is subject to City Law because it owns and operates ChewRevGum.com. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

78. Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to ChewRevGum.com, causing ChewRevGum.com to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.

79. Defendant's actions also violate N.Y.C. Admin. Code § 8-107(17), which states that "unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

80. By failing to operate a website that is readily accessible and usable to individuals because of their disability, when viewed in its entirety, Defendant has demonstrated a policy, practice, or procedure that has refused, withheld from, or denied Plaintiff, who qualifies as a member of a protected group under the provisions of the NYCHRL, any of the accommodations, advantages, facilities, or privileges of the Website.

81. The violations are particularly serious given the NYCHRL's "uniquely remedial" purpose, which provides that each section must be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights law, including those laws with the provisions comparably-worded to provisions of this title, have been so construed." N.Y.C. Admin. Code § 8-130.

82. Accordingly, Defendant's conduct is subject to a much stricter standard than under state or federal law, and its ability under these provisions must be determined separately and independently from its liability under the disability provisions of either state or federal law.

83. As a direct and proximate result of Defendant's violation of the NYCHRL, Plaintiff has been injured as set forth herein.

84. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the

goods, services, facilities, privileges, advantages, accommodations and/or opportunities of ChewRevGum.com under N.Y.C. Administrative Code § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

85. The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

86. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

87. Plaintiff is also entitled to reasonable attorneys' fees and costs.

88. Pursuant to N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
(Declaratory Relief)

89. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 88 of this Complaint as though set forth at length herein.

90. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that ChewRevGum.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of ChewRevGum.com, which Rev Gum owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, N.Y. Exec. Law § 296, *et seq*., and N.Y.C. Administrative Code § 8-107, *et seq*. prohibiting discrimination against the blind.

91. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and against the Defendant as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating N.Y. Exec. Law § 296, *et seq*., N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, ChewRevGum.com, into full compliance with the requirements set forth in the NYSHRL, NYSCRL, and NYCHRL, and its implementing regulations, so that ChewRevGum.com is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, ChewRevGum.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by N.Y. Exec. Law § 296, *et seq*., N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

d) An order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

e) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of their civil rights under New York State Human Rights Law and City Law;

f) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state law;

g) For pre- and post-judgment interest to the extent permitted by law; and

h) For such other and further relief which this court deems just and proper.

Dated: Scarsdale, New York
October 16, 2025

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By:*/s/Dan Shaked*_________
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
e-mail: ShakedLawGroup@Gmail.com